# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **D.H. & A.M.**

**No. 15-0686** (Webster County 14-JA-15 & 14-JA-16)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.G., by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's June 17, 2015, order terminating her parental rights to two-year-old D.H. and four-year-old A.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher Moffatt, also filed a response on behalf of the children in support of the circuit court's order.[1] On appeal, petitioner alleges that the circuit court erred in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR received a referral that the West Virginia State Police were dispatched to petitioner's residence to investigate a referral that petitioner was operating a methamphetamine lab while the children were present and that she was in possession of several precursors to the manufacturing of methamphetamine. After obtaining consent to search the

---

[1]The guardian's response to this Court fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. The guardian's response also fails to cite to the record on appeal or any legal authority. We refer the guardian to Rules 10(c), 10(d), 10(e), and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal and legal authority upon which they rely. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

residence, law enforcement discovered several precursors to the manufacturing of methamphetamine, various pharmaceuticals, scales, marijuana paraphernalia, two bottles consistent with an inactive methamphetamine lab, and one bottle consistent with an active methamphetamine lab. Petitioner admitted to law enforcement that she was aware that methamphetamine was being manufactured in a camper beside her residence and that methamphetamine precursors were found in her master bedroom. Petitioner was arrested and transported to the regional jail. Thereafter, the DHHR filed an abuse and neglect petition based on the above-mentioned referral. In May of 2014, petitioner stipulated to the abuse and neglect as set forth in the petition. Petitioner also admitted that she would test positive for alcohol and hydrocodone, and that she used methamphetamine three weeks ago. The circuit court then granted petitioner a post-adjudicatory improvement period. As terms and conditions of her improvement period, the circuit court directed petitioner to undergo a substance abuse evaluation, remain drug and alcohol free, submit to random drug and alcohol tests, and establish a fit and suitable home. In January of 2015, the circuit court granted petitioner a three-month extension of her post-adjudicatory improvement period.

In February of 2015, the circuit court sentenced petitioner to a term of incarceration of two to ten years upon her conviction of operating a clandestine methamphetamine lab. The circuit court then held a dispositional hearing in April of 2015, and heard testimony from petitioner, petitioner's case worker, and others. The circuit court found that petitioner failed to comply with the terms of her improvement period prior to her incarceration. Ultimately, the circuit court terminated petitioner's parental rights.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner does not cite to a single case in support of her arguments and only makes three broad references to West Virginia Code § 49-4-604 in arguing that the circuit court erred in terminating her parental rights. In two short paragraphs of argument, petitioner does not cite to any legal authority to support her assignments of error. This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. While it does contain three specific citations to the record on appeal, it is lacking in citations to applicable authority and fails to contain even a standard of review. Thus, petitioner's assignments of error were not properly developed on appeal. However, despite petitioner's failure to preserve these issues for appeal, the Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignments of error.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 17, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II